1. The opinion on direct appeal may be found at *Martinez v. State*, 924 S.W.2d 693 (Tex.Cr.App. 1996).

2. Our records reveal that counsel did not seek reimbursement for any travel or investigatory

*Thomas v. State*, 841 S.W.2d 399 (Tex.Cr. App.1992).

With these comments, I concur.

**Ex parte Johnny Joe MARTINEZ.**

**No. 36840-01.**

Court of Criminal Appeals of Texas, En Banc.

April 29, 1998.

Nathaniel G. Rhodes, Corpus Christi, for Appellant.

Annette Smith, Assistant District Attorney, Corpus Christi, Matthew Paul, State's Attorney, Austin, for State.

**BAIRD, Judge, dissenting.**

This is a post-conviction application for writ of habeas corpus filed pursuant to Tex. Code Crim. Proc. Ann. art. 11.071.[1] Applicant is represented by counsel appointed by this Court. The instant application is five and one half pages long and raises four challenges to the conviction. The trial record is never quoted. Only three cases are cited in the entire application, and no cases are cited for the remaining two claims for relief. Those claims comprise only 17 lines with three inches of margin.[2]

expenses, nor request any expert assistance in preparing this application. The same records reflect that counsel spent less than 50 hours preparing the application.

Under these circumstances, the merits of the application should not be reached. Instead, this matter should be remanded to the habeas court to determine whether applicant has received effective assistance of counsel. Because the majority does not, I dissent.